IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE, | ) | |
| | ) | No. 15-24475 |
| Willy Batuner, | ) | |
|    Debtor. | ) | Hon. Judge Janet S. Baer |
| | ) | Chapter 11 |
| | ) | |

### NOTICE OF THE DEBTOR'S MOTION AND HEARING FOR FINAL DECREE

**To: Attached Service List**

     PLEASE TAKE NOTICE that on October 25, 2016, at 9:30 a.m. or a soon thereafter as Counsel may be heard I shall appear the Honorable Janet S. Baer in courtroom 615 of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois shall there and then present Debtor's Motion for Final Decree pursuant to 11 U.S.C. 330, a copy of which is attached to this Notice and hereby served upon you. **The Motion attaches a Group Exhibit showing Plan Payments made on the Effective Date. If you are a creditor and did not receive a payment you expected on the "Effective Date" as set forth in the Debtor's Chapter 11 Plan/Disclosure Statement, please advise the undersigned attorneys for the Debtor IMMEDIATELY.**

     **TAKE FURTHER NOTICE** that a hearing to consider approval of the Debtor's Motion For Final Decree will be held on **October 25, 2016** at 9:30 a.m., before the Honorable Janet S. Baer, or any Judge sitting in her stead, in Courtroom 615 of the United States Bankruptcy Court, or any other courtroom therein, 219 S. Dearborn Street, Chicago, Illinois. You are welcome, but not required, to attend this hearing.

                                             /s/O. Allan Fridman

### CERTIFICATE OF SERVICE

    I, O. Allan Fridman, hereby certify that I caused a copy of the following documents that to be served upon the following service list by mail on October 4, 2016.

                                           /s/    O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062 847-412-0788 (6274954)

# ADDRESS LIST

By ECF Filing

Patrick S Layng,
Office of the U.S. Trustee
Region 11
219 S Dearborn St
Room 873
Chicago, Illinois 60604
USTPRegion11.MD.ECF@usdoj.gov

Kimberly Bacher
Trial Attorney
Office of the United States Trustee
219 S. Dearborn St., Room 873
Chicago, IL  60603

Peter C Bastianen
Codilis and Associates
15W030 N. Frontage Rd.
Suite 100
Burr Ridge, IL 60527
(630)794-5300

## By MAIL

Willy and Lilia Batuner
750 Sarah Lane
Northbrook, IL  60062

Bank of America
Attn: Correspondence
Unit/CA6-919-02-41
Po Box 5170
Simi Valley, CA 93062

BSI Financial Services
1425 Greenway Drive
Irving, TX 75038

Acs/college Loan Corp
C/o Acs
Utica, NY 13501

Bank Of America
Attention: Recovery Department
4161 Peidmont Pkwy.
Greensboro, NC 27410

Cap1/berpl
Po Box 30253
Salt Lake City, UT 84130

Acs/college Loan Corp
501 Bleecker St
Utica, NY 13501

Cap1/saks
3455 Hwy 80 West
Jackson, MS 39209

BMO Harris Bank
111 W. Monroe St
Floor 21E
Chicago, IL 60603

Acs/college Loan Corpo
Po Box 7051
Utica, NY 13504

Capital One, N.a.
Capital One Bank (USA) N.A.
Po Box 30285
Salt Lake City, UT 84130

American Express
Po Box 3001
16 General Warren Blvd
Malvern, PA 19355

Bnkunted Fsb
Attn: Bankruptcy Department
7815 Nw 148th St.
Miami Lakes, FL 33016

Chase
Po Box 15298
Wilmington, DE 19850

Citibank Sd, Na
Citi Corp Credit Services/Attn:Centraliz
Po Box 790040
Saint Louis, MO 63179

Citibank Sd, Na
Attn: Centralized Bankruptcy
Po Box 20363
Kansas City, MO 64195

Credit Management Cont
Attn: Bankruptcy Dept
Po Box 118288
Carrollton, TX 75011

Credit One Bank
Po Box 98873
Las Vegas, NV 89193

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850

Fifth Third Bank
Fifth Third Bank Bankruptcy Department,
1830 East Paris Ave. Se
Grand Rapids, MI 49546

Gene Bautner
510 East Mac Arthur
Milwaukee, WI 53217

Glhegc
Po Box 7859
Madison, WI 53707

Kohls/chase
Po Box 3115
Milwaukee, WI 53201

Mcydsnb
9111 Duke Blvd
Mason, OH 45040

Midland Funding
8875 Aero Dr Ste 200
San Diego, CA 92123

Nordstrom FSB
Attention: Bankruptcy Department
Po Box 6566
Englewood, CO 80155

Sears/cbna
Po Box 6283
Sioux Falls, SD 57117

Unvl/citi
Attn.: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195

Wells Fargo Hm Mortgag
Po Box 10335
Des Moines, IA 50306

Wi Electric / Wi Energies
Attention: Jill Costello
Po Box 2046 Room A130
Milwaukee, WI 53201

Wiscor Cu
5433 W Burnham St
West Allis, WI 53219

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE, ) | |
| ) | No. 15-24475 |
| Willy Batuner, ) | |
| Debtor. ) | Hon. Judge Janet S. Baer |
| ) | Chapter 11 |
| ) | |

**THE DEBTOR'S MOTION**
**FOR FINAL DECREE**

Now comes the Debtor, Willy Batuner, ("Debtor"), through his attorney, O. Allan Fridman (the "Attorneys"), respectfully seeks the entry of a final decree closing his chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"). In support of this motion (the "Motion"), the Debtor respectfully represents as follows:

**BACKGROUND**

1. On July 17, 2015 ("Petition Date") the Debtor filed his voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code").

2. On August 10, 2016, , the court entered its Order Approving the Amended Disclosure Statement for Debtor's Third Amended Plan of Reorganization Dated June 29, 2015 and confirming Debtor's Plan of Reorganization Dated [Docket No. 116] (the "Confirmation Order").

1

**RELIEF REQUESTED**

1.  Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §350(a). Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

2.  Because the Debtor's estate is fully administered, the Debtor requests entry of a final decree closing the Chapter 11 Case.

**BASIS FOR RELIEF**

3.  The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, but the Advisory Committee Note to Bankruptcy Rule 3022 sets forth a nonexclusive list of factors to be considered to determine whether a case has been fully administered, including whether:

    a) the order confirming the plan has become final;
    b) deposits required by the plan have been distributed;
    c) the property proposed by the plan to be transferred has been transferred;
    d) the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
    e) payments under the plan have commenced; and
    f) all motions, contested matters, and adversary proceedings have been finally resolved.

4.  Various courts have viewed these factors as a guide for determining whether a case should be closed. See, e.g., *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 223- 24 (Bankr. W.D.NY 1997) (closing case upon finding that case had been fully administered according to Advisory Committee Note factors); *In re Jay Bee Enters.*,

Inc., 207 B.R. 536, 538-39 (Bankr. E.D. Ky. 1997) (same). See *In re Jr. Food Mart of Ark., Inc.*, 201 B.R. 522, 524, 526 (Bankr. E.D. Ark. 1996) (closing case so "that no further [section 1930(a)(6)] fees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of section 1930(a)(6) fees and also noting that there is "no provision of law that prevents closing a chapter 11 case before payment of the [section 1930(a)(6)] fees in question").

5. Bankruptcy courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. See In *re BankEast* Corp., 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). To determine whether a bankruptcy estate is substantially consummated for the purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. See Walnut Assocs., 164 B.R. at 492. Section 1101(2) defines substantial consummation as follows:

> (a) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of management of all or substantially all of the property dealt with by the plan; and
> (c) commencement of distributions under the plan.

11 U.S.C. § 1101(2); see also *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (holding that case was "fully administered" notwithstanding fact that certain disbursements remained to be made); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (same); *In re Jordan Mfg. Co., Inc.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) (holding that a court should not delay entry of final decree simply because all payments under

the plan have yet to be made).

6. Local Rule 3022-1 requires that the party moving to close the case shall state with the notice or motion the actual status of payments due to each class under the confirmed plan. To that end, the distributions contemplated by or described in the Plan have been completed as follows:

| Class | Treatment | Status of Payments/ Dates of Distribution |
|---|---|---|
| Class 1 Secured Claim Secured Claim of Wells Fargo | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 2- Leonard Zlatnikov as an assignee of BMO. | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 3 Unsecured Creditors | Unimpaired | Payments began on the Effective Date of plan see Exhibit 1 |

7. In this case, the Confirmation Order has become a final order. The initial payments have been made as shown by Exhibit 1. All claims objections have been resolved. Accordingly, the estate of the Debtor has been "fully administered," and the Chapter 11 Case should be closed, as provided by the express language of section 350(a) of the Bankruptcy Code.

## NOTICE

8. Notice of this Motion, has been given to (a) the Office of the United States Trustee for the Northern District of Illinois, (c) all creditors. In light of the nature of the relief requested herein, the Debtor submits that no further notice of the Motion is necessary or required.

9. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter a final decree, substantially in the form attached hereto, closing the Chapter 11 Case; and (b) grant such other and further relief as is necessary and proper.

Respectfully Submitted,

By: /s/ O. Alan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
(847)412-0788
6274954